UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEYMOINE L. SCHMIDT and
JACK SCHMIDT,                                    CASE NO.:20-CV-1758

    Plaintiffs,                              State Court Case No.: 59-2020-CA-001846

v.

ALLEGIANT AIR, LLC,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, ALLEGIANT AIR, LLC. ("ALLEGIANT"), by and through its undersigned counsel, files this Notice of Removal in the above-captioned matter, currently pending in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida. This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because there is diversity of citizenship and an amount in controversy that exceeds $75,000.00, exclusive of interest and costs.

## BACKGROUND

1.    On or around August 3, 2020, Plaintiffs Seymoine L. Schmidt and Jack Schmidt filed the removed case, *Schmidt and Schmidt v. Allegiant Air, LLC*, No. 59-2020-CA-001846, in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida. Plaintiffs served the Complaint on September 16, 2020.

2.    Plaintiff Seymoine Schmidt brings a cause of action sounding in negligence after allegedly suffering personal injuries on board an ALLEGIANT flight, allegedly due to a laptop

1

computer falling on her during the flight. Plaintiff Jack Schmidt brings a cause of action sounding in loss of consortium for damages allegedly suffered as a result of his wife's alleged injuries.

3.   In accordance with Local Rule 4.02(b) and pursuant to 28 U.S.C. § 1446(a), true and legible copies of all papers on file with the state court are attached hereto pursuant to this Court's Local Rules. These papers include Plaintiff's Complaint, as well as service documents. ALLEGIANT has not yet filed its answer in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida. ALLEGIANT is not aware of any other pending motions or briefs.

4.   Pursuant to 28 U.S.C. § 1446(d), ALLEGIANT is serving written notice of the removal of this case on Plaintiffs' counsel, and a copy will be promptly filed with the Clerk of the Eighteenth Judicial Circuit in Seminole County, Florida.

5.   Nothing in this Notice shall constitute a waiver of ALLEGIANT's right to assert any defense, including a motion to dismiss, as the case progresses.

**VENUE**

6.   Venue is proper under 28 U.S.C. 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

**REMOVAL IS TIMELY**

7.   The removal is timely under 28 U.S.C. § 1446(b). Plaintiffs filed their Complaint on August 3, 2020. Plaintiffs served their Complaint on ALLEGIANT on September 16, 2020. *See Ex. A*. ALLEGIANT filed this Notice of Removal within thirty (30) days of service, as

2

**GRIFFIN & SERRANO, P.A.**
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

required by law. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-384 (1999).

## BASIS FOR REMOVAL JURISDICTION

8.   First, the parties to this lawsuit are diverse. Pursuant to Plaintiffs' Complaint, Plaintiffs both reside in St. Augustine, Florida. Thus, the Plaintiffs are citizens of Florida. *See Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (while residence is not the equivalent of citizenship, residence is properly taken as domicile "until facts are adduced to the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence prima facie evidence of domicile for purposes of determining citizenship).

9.   A corporation is a citizen of the state in which it was been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As the Plaintiffs recognize, ALLEGIANT is not a citizen of Florida. Defendant ALLEGIANT is a limited liability company existing under the laws of Nevada with its principal place of business in Las Vegas, Nevada. *See Declaration of Allegiant Air, LLC in Support of Notice of Removal Attached hereto.*

10.  Second, although the Plaintiffs' Complaint does not claim a specific amount of damages, removal from the state court is still proper as it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The Complaint seeks damages in excess of $30,001.00 for the personal injuries suffered by Seymoine Schmidt, including damages for pain and suffering, mental anguish, loss of earning capacity, expense of hospitalization, medical and nursing care and treatment, loss of earnings. The Plaintiff alleges that her injuries are permanent and continuing and the Plaintiff will suffer losses in the future. Plaintiff Jack Schmidt alleges

3

**GRIFFIN & SERRANO, P.A.**
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

damages sounding in his cause of action for loss of consortium consisting of medical expenses for the treatment of Seymoine Schmidt and the loss of companionship, services, comfort, society, support, and attentions of Seymoine Schmidt. Collectively, the type and category of damages sought make it apparent that the amount in controversy exceeds $75,000, the threshold for Federal diversity jurisdiction.

11. "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). (quoting and citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir.2008)). Indeed, "for the purposes of jurisdiction, what is actually recoverable is irrelevant; instead, it is the amount Plaintiff is seeking, and therefore putting in controversy, that is determinative." *Kilmer v. Stryker Corp.*, 2014 U.S. Dist. LEXIS 152072 (M.D. Fla. Oct. 27, 2014).

12. Therefore, based on the allegations made in the Complaint, the amount in controversy clearly exceeds the jurisdictional minimum, and diversity jurisdiction is satisfied in this case.

## CONCLUSION

13. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, ALLEGIANT hereby removes the above-captioned matter from the Circuit Court for the Eighteenth Judicial Circuit in and for Seminole County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served on 25 September 2020 via electronic format in accordance with Administrative Order 2006-26.

>**GRIFFIN & SERRANO, P.A.**
>Attorneys for Defendant
>707 Southeast 3rd Avenue, Sixth Floor
>Fort Lauderdale, Florida 33316
>Fax: (954) 462-4009
>
>*/s/ Juan R. Serrano*____
>Juan R. Serrano, Esq.
>Florida Bar No. 319510
>Andres Millon, Esq.
>Florida Bar No. 112649

### **Service List**

Matthew W.Spohrer, Esq.
*Attorneys for Plaintiff*
SPOHRER & DODD, P.L.
76 S. Laura Street,  Ste 1701
Jacksonville, Florida 32202
Ph: 904-309-6500
Fx: 904-309-6501
Email: mspohrer@sdlitigation.com
         hwestbrook@sdlitigation.com

5

**GRIFFIN & SERRANO, P.A.**
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009